IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANITA HEAD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOM VILSACK, SECRETARY, )<br>DEPARTMENT OF AGRICULTURE, )<br>USDA AGRICULTURAL MARKETING )<br>SERVICES AGENCY )<br>)<br>Defendant. ) | Case No. 3:10-cv-00926<br>Judge Trauger<br>Magistrate Judge Brown |

To: The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

Presently pending before the Magistrate Judge is a Motion to Dismiss for Improper Venue or in the Alternative, Transfer Venue, by Defendant Tom Vilsack ("Defendant"). (Docket Entry 21). Defendant has filed a Memorandum in support of his Motion. (Docket Entry 24). Plaintiff has filed a Memorandum in response to the Defendant's Motion. (Docket Entry 26). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** that the Defendant's Motion to Transfer Venue be **GRANTED** and that the alternative Motion to Dismiss be **DENIED**.

I. INTRODUCTION AND BACKGROUND

Anita Head ("Plaintiff"), a resident of Pleasant View, Tennessee, brought this action *pro se* in the United States District Court for the Middle District of Tennessee, Nashville Division, on October 5, 2010. (Docket Entry 1). Plaintiff's Complaint alleges employment discrimination

under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991. *Id.* Defendant filed his Motion to Dismiss or in the Alternative, to Transfer Venue on April 11, 2011. (Docket Entry 21). Defendant filed a Memorandum in support of this Motion on April 12, 2011. (Docket Entry 24). Plaintiff filed a Memorandum in response to this Motion on April 27, 2011. (Docket Entry 26). On May 2, 2011, the Magistrate Judge issued an Order requesting that each side provide a list of anticipated witnesses. (Docket Entry 28). Plaintiff responded on May 13, 2011 with her list of witnesses. (Docket Entry 31). Defendant responded on May 16, 2011 with his list of witnesses. (Docket Entry 32).

Plaintiff's Complaint alleges that, on May 2, 2007, she was subject to unwelcome sexual conduct by a male interviewer during an interview for a position with Cotton Programs, a division of the Department of Agriculture ("Department"). Plaintiff had been working with the Tobacco Programs, another division within the Department, but was seeking a new position due to a reduction-in-force situation at that division. Plaintiff alleges that the conduct negatively affected her interview performance such that she did not receive the Cotton Programs position she was seeking. The interview and alleged conduct took place at a Department office in Raleigh, North Carolina for a position that Plaintiff was seeking in or around Memphis, Tennessee.

Plaintiff filed this suit in the United States District Court for the Middle District of Tennessee. Defendant moves to dismiss for improper venue or in the alternative, to transfer venue, on the grounds that the Eastern District of North Carolina is the only proper venue under the Title VII venue provision. Plaintiff's Response to that Motion requests that, should this case be transferred at all, it be transferred instead to the Western District of Tennessee.

## II. LEGAL DISCUSSION

### A. Where Venue Is Proper

Defendants submit, and Plaintiff does not contest, that venue in this action is determined by 42 U.S.C. § 2000e-5(f)(3), the specific venue provision governing Title VII actions. Under this provision, venue under Title VII actions is proper in any of three districts: (1) any district in the state where the unlawful practice is alleged to have been committed, (2) where the employment records relevant to the practice are maintained and administered, or (3) where the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3) (2011); *Smith v. Kyphon, Inc.,* 578 F. Supp. 2d 954, 959 (M.D. Tenn. 2008). If the respondent is not found in any of those three districts, then venue is also proper in the district in which respondent has his principal office. § 2000e-5(f)(3).

Venue in this action is proper in two districts. The alleged sexual harassment occurred at the Department's office in Raleigh, North Carolina, which is located within the Eastern District of North Carolina. (Docket Entry 1). But for the alleged sexual harassment, Plaintiff submits that she would have worked in the "Memphis, Tennessee area," which Plaintiff submits would be located within the Western District of Tennessee. (Docket Entry 26).[1]

Under § 2000e-5(f)(3), therefore, venue in this case is proper in the Eastern District of North Carolina as the district in which the alleged harassment occurred; it is also proper in the Western District of Tennessee where the Plaintiff would have worked but for the alleged

---

[1] The "Memphis, Tennessee area" also includes the Eastern District of Arkansas and the Northern District of Mississippi. It is unclear where the USDA office in the Memphis area is located, but for purposes of this recommendation, it is sufficient to assume that the office is located within the Western District of Tennessee.

harassment. It appears that the employment records in this case are being housed at a holding facility in St. Louis, Missouri but are easily transferrable to any potential district, so this Court need not consider the location of the records when evaluating a proper venue. (Docket Entry 28). Since the only two proper venues under § 2000e-5(f)(3) are those where the alleged harassment occurred and where the plaintiff would have worked, the Middle District of Tennessee is *not* a proper venue for this action.

### B. Defendant's Motion to Dismiss for Improper Venue

28 U.S.C. § 1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (2011). The decision to dismiss or transfer is within the district court's sound discretion. *First of Michigan Corp. v. Bramlet,* 141 F.3d 260, 262 (6th Cir. 1998). Transfer is generally preferred to dismissal. *See Long v. Dart Intern., Inc.,* 173 F. Supp. 2d 774, 777 (W.D. Tenn 2001).

In this case, the Defendant has provided no reason why this action should be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3). Plaintiff has stated that, to the best of her understanding at the time of filing, any federal forum would suffice for claims against a federal agency. (Docket Entry 26). It is entirely contrary to the spirit of the Federal Rules of Civil Procedure to dismiss cases based on technicalities or skillful advocacy rather than on their merits. *See Foman v. Davis,* 371 U.S. 178, 181-82 (1962). Dismissing this case based on a mere misunderstanding would not serve the interests of justice, and there are appropriate alternate forums in which to litigate this matter.

Therefore, the Magistrate Judge recommends that Defendant's motion to dismiss for improper venue be **DENIED.**

### C. Defendant's Motion to Transfer Venue and Plaintiff's Response

Under § 1406(a), a district court may transfer a case to any district or division "in which it could have been brought." § 1406(a); *See Thompson v. Greenwood,* 507 F.3d 416, 419 (6th Cir. 2009). In this case, there are two venues in which this matter could have been brought: the Eastern District of North Carolina, where the alleged conduct occurred, and the Western District of Tennessee, where the plaintiff claims she would have worked but for the alleged harassment. As between these two venues, the Court must determine which one is more appropriate for a transfer under Title VII's venue provision.[2]

Under Title VII actions governed by §2000e-5(f)(3), a court's decision on where to transfer venue[3] is often based on several factors. Locations of potential witnesses, records, or the events of the litigation are often substantial factors in the determination. *See Washington v. Gen. Motors Corp.*, No. 1:06-cv-631, 2007 WL 315103 at *5-6 (S.D. Ohio Jan. 30, 2007); *Lalor-Brown v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 1:05 CV 00597, 2006 WL 181992 at *2 (S.D. Ohio Jan. 24, 2006). Convenience to non-party witnesses, as opposed to an employer's employee witnesses, can be a significant factor. *See Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 963 (M.D. Tenn. 2008). A state generally has a strong public interest in litigating employment

---

[2]Defendant brings his Motion to Transfer under 28 U.S.C. § 1404; however, since the Middle District of Tennessee is not a proper venue, the Court is not left with a choice between two proper venues governed by § 1404. Instead, the choice is whether to dismiss or transfer, which is governed by § 1406(a).

[3]The following decisions to transfer venue are made under both § 1404 and § 1406(a).

claims made against employees doing a substantial amount of business in that state. *See Perrywatson v. United Airlines, Inc.,* No. 1:09 CV 1957, 2010 WL 359696 at *3 (N.D. Ohio Jan. 29, 2010); *Washington*, 2007 WL 315103 at *6. Simply put, Title VII venue determinations should be based on a "commonsense appraisal of how the events in question arose." *Spencer v. Rumsfeld,* 209 F. Supp. 2d 15, 18 (D.D.C. 2002).

As between the two proposed districts, the above factors indicate that the Eastern District of North Carolina is the more appropriate venue for this action. While many listed witnesses are USDA employees living in Memphis, still many others are employees working in or near Raleigh, including the individual against whom harassment is alleged. The harassment took place in eastern North Carolina, and that district presumably has a high interest in litigating claims against government officials doing business in that part of the state. *See Perrywatson*, 2010 WL 359696 at *3. While Plaintiff claims that many of her employment records are located near Nashville and Memphis, it appears that such records may be easily transferred to the appropriate venue. The events having occurred in eastern North Carolina, a "commonsense appraisal" indicates that the litigation should also take place there unless there are overwhelming contravailing considerations. *Spencer*, 209 F. Supp. 2d at 18. Here, the evidence indicates that North Carolina is the most appropriate venue based on a balancing of where the events took place, the convenience to key witnesses, and the public interest of the state. Therefore, the Magistrate Judge recommends that Defendant's motion to Transfer Venue to the Eastern District of North Carolina be **GRANTED**.

## III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Defendant's Motion to Transfer Venue be **GRANTED** and his Motion to Dismiss **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 27th day of May, 2011.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge